**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN ISABEL YESCAS MORALES,<br><br>                    Petitioner,<br><br>        v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>                    Respondents. | Case No.  5:26-cv-02426-RAO<br><br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Adriana Isabel Yescas Morales ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); Todd Blanche, Attorney General of the United States; Ernesto Santacruz Jr., Acting Director, Los Angeles Field Office; and Fereti Semaia, Warden, Adelanto ICE Processing Center (collectively, "Respondents"), on May 7, 2026. Dkt. No. 1 ("Pet."). Petitioner claims, *inter alia*, that her current detention at Adelanto Processing Center in Adelanto, California violates 8 U.S.C. § 1226(a) and her due process rights. Pet. at 6-7. Petitioner seeks relief in the form of immediate

release, or in the alternative, that she be provided with a bond hearing. *Id.* at 7.

On May 7, 2026, Petitioner also filed an *Ex Parte* Application for Temporary Restraining Order ("TRO Application"), seeking an order that she be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). Dkt. No. 4 at 18. The Court denied the TRO Application the same day, finding that the expedited briefing schedule on the merits of the Petition made it uncertain whether the TRO Application could be decided before a merits-based determination was reached. Dkt. No. 8.

The Petition states that Petitioner is a non-citizen currently detained in Adelanto ICE Detention Facility in Adelanto, California. *See* Pet. ¶ 49. Publicly available ICE records confirm that the Petitioner is currently detained at the Adelanto ICE Processing Center within this District.

Petitioner has resided in the United States since 2022, and explains that she was placed in removal proceedings in September 2022 and charged with inadmissibility for having entered the United States without inspection. *Id.* ¶ 28. Petitioner was subsequently released from immigration custody on an order of recognizance. *Id.* ¶ 29. She later filed an asylum claim. *Id.* ¶ 30. Petitioner attended all her ICE check-ins and was arrested at her last check-in by immigration authorities.[1] *Id.* ¶ 31. The Petition states that she is precluded from seeking a bond redetermination hearing pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* ¶ 33.

Petitioner alleges that her continued detention violates 8 U.S.C. § 1226(a) (Count One); and procedural due process (Count Two). *Id.* ¶¶ 35–41. The Petition seeks relief in the form of Petitioner's release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing within seven days. *Id.* at 7.

///

---

[1] The Petition does not provide the date of Petitioner's re-detention.

2

Respondents filed their Answer to the Petition on May 14, 2026.  Dkt. No. 10 ("Ans.").  In their Answer, Respondents state that they "are not presenting an opposition argument to providing Petitioner a bond hearing at this time."[2]  Ans. at 2.

In similar circumstances, courts in this District have limited relief to ordering the petitioner's release if she is not afforded a timely bond hearing.  *See Hernandez v. Semaia*, No. CV 26-1295-JFW (KS), 2026 WL 928628, *3 (C.D. Cal. 2026) ("Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH (AYP), 2026 WL 795298, *1 (C.D. Cal. 2026) ("Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Devi v. Semaia*, No. CV 26-898-DMG (AS), 2026 WL 712043, *1 (C.D. Cal. 2026) (similar).  Courts have previously issued orders directing bond hearings, and respondents in turn complied with those orders; accordingly, the Court has no reason to believe its orders will not continue to be followed and thus declines to order immediate release.  Therefore, consistent with the practice in this District, the Court will order Petitioner's release if she is not afforded a timely bond hearing.  *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS (DMK), 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").

In light of Respondents' non-opposition to providing Petitioner with a bond hearing under 8 U.S.C. § 1226(a), IT IS ORDERED that:

---

[2] Petitioner voluntarily consented to proceed before a magistrate judge and the time for the government to withdraw consent under General Order 26-05 has passed.  *See* Dkt. Nos. 5, 11.  Therefore, the case is proceeding before the undersigned magistrate judge for all purposes including final disposition.

(1) The Petition is GRANTED in part as to Count One claiming a violation of 8 U.S.C. § 1226(a);

(2) Respondents are enjoined from continuing to detain Petitioner unless she is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and

(3) Respondents are directed to file a status report within 10 days of the entry of this Order substantiating compliance with the Court's Order.

DATED: May 14, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4